# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>TARA MARIE MCBRIDE,<br><br>Defendant. | No. CR 14-4051-1-MWB<br><br>**OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

_____

This case is before on defendant Tara Marie's McBride's correspondence dated December 1, 2018, and received on February 6, 2019. I construed that correspondence as a *pro se* Motion To Reduce Sentence and directed the Clerk of Court to file it on February 13, 2019. In her Motion, McBride requests a reduction in her sentence because of all the positive strides she has made while incarcerated and her completion of betterment classes. She argues that she is confident that her life has changed, from her core values and choices to her daily activities, which she believes will help her in the future to achieve a successful re-entry into society.

On November 21, 2014, I sentenced McBride to 105 months of incarceration, the top end of her advisory guidelines range, on a charge of possession of a firearm by a felon, and Judgment entered accordingly on November 24, 2014. In determining McBride's sentence, I denied both McBride's motions for a downward departure and a downward variance and the prosecution's motion for an upward departure. The Presentence Investigate Report (PSIR), which I adopted, included a two-level enhancement of McBride's base offense level for an offense involving 3 to 7 firearms, and a further four-level enhancement for possession of the firearm in connection with

another felony offense, an attempted robbery, in company with other armed individuals. After weighing all the pertinent 18 U.S.C. § 3553(a) factors, I concluded that a sentence at the top end of the advisory guidelines range was appropriate.

I agree with McBride that her prison record shows substantial effort on her part to obtain occupational training and other rehabilitation efforts. Nevertheless, I do not find that her prison record provides sufficient basis for a sentence reduction, in light of all pertinent factors. *See, e.g., United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018) (a court may consider post-sentencing rehabilitation efforts when considering whether to reduce a defendant's sentence, but evidence of rehabilitation does not necessarily require a reduction in sentence, and the court is entitled to consider whether post-sentencing rehabilitation is outweighed by other factors). McBride's post-sentencing rehabilitation efforts do not outweigh the 18 U.S.C. § 3553(a) factors that I identified at her sentencing as warranting a sentence at the top end of her advisory guidelines range.

THEREFORE, defendant Tara Marie's McBride's *pro se* Motion To Reduce Sentence (docket no. 157), filed on February 13, 2019, is **denied.**

**IT IS SO ORDERED**.

**DATED** this 13th day of February, 2019.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA